IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODY KING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IC GROUP, INC.,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT IC GROUP, INC.'S RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**<br><br>2:21-cv-00768-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　Plaintiff Jody King filed this action against her former employer, Defendant IC Group, Inc. (ICG), alleging six causes of action.[1]  On November 8, 2023, the court issued its Memorandum Decision and Order granting summary judgment in favor of ICG in its entirety, save only for King's FMLA lack-of-notice claim.[2]  Now before the court is ICG's Rule 59(e) Motion to Alter or Amend Judgment,[3] which asks the court to reconsider its decision on King's lack-of-notice claim.  For the reasons discussed below, the court GRANTS ICG's Motion.

## BACKGROUND AND PROCEDURAL HISTORY[4]

　　　On November 8, 2023, the court issued its Memorandum Decision and Order,[5] granting in part and denying in part ICG's Motion for Summary Judgment.[6]  Specifically, the Order

---

[1] *See* Dkt. 3, *Amended Complaint* at 3; Dkt. 3-8, *Exhibit H to Amended Complaint: Causes of Action*.

[2] Dkt. 60, *Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment* at 66.

[3] Dkt. 64, *Defendant IC Group, Inc.'s Rule 59(e) Motion to Alter or Amend Judgment*.

[4] For the purposes of this Order, the court outlines only the relevant background and procedural history.  For a more complete discussion of the underlying facts of this litigation, the court suggests reviewing Dkt. 60 at 1–18.

[5] *Id.* at 66.

[6] Dkt. 46, *ICG's Motion for Summary Judgment*.

1

granted ICG's Motion on all causes of action, except for King's FMLA lack-of-notice claim.[7] The lack-of-notice claim required King to demonstrate she "suffered 'actual monetary losses' as a direct result of the violation."[8] King asserted ICG's failure to provide notice deprived her of the opportunity to use her accrued paid vacation.[9] ICG countered that King did not actually have any vacation time available pursuant to her employment contract,[10] and even if she did have vacation available, "ICG provided King with one week of paid vacation for 2020," or $1,826.10.[11] This amount fully settled the wage claim King filed with the Utah Labor Commission for two weeks of vacation pay.[12]

In deciding the lack-of-notice claim, the court observed "[b]oth parties agree[d] this was payment for only one week of vacation," but "King has offered evidence she had two weeks of vacation available."[13] As a result, the court concluded "King has presented evidence of a dispute of material fact that she was prejudiced by the lack-of-notice."[14] In a footnote, the court observed "it read[] the record differently than both parties and believe[d] ICG may have paid King for two weeks of vacation in October 2020."[15] To reach this conclusion, the court compared King's proffered paystub and ICG's October payment; in both, King's net pay was $1,826.10.[16] However, because this conflicted with the facts presented by both parties in their

---

[7] Dkt. 60 at 66.

[8] *Id.* at 24 (quoting 29 C.F.R. § 825.300(e)).

[9] *Id.*

[10] *Id.* at 25.

[11] *Id.*

[12] *Id.*; *see also* Dkt. 46-1, *Exhibit A to ICG's Motion for Summary Judgment: Ryan Kerekes Declaration* at 131 (*Exhibit 17: October 5, 2020 Wage Claim*) ("Amount Claimed: $1,826.10 . . . (the amount of 2 weeks pay)".).

[13] Dkt. 60 at 25.

[14] *Id.* at 25–26.

[15] *Id.* at 26 n.181.

[16] *Id.*

written statement of facts, "the court [was] constrained by the facts each party has offered in its briefing."[17] The Order concluded by setting a date for a status and scheduling conference to schedule a trial on the lack-of-notice claim.[18]

On December 6, 2023, ICG filed its Motion to Alter or Amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[19] King filed her Opposition on December 15, 2023,[20] and ICG filed its Reply on December 26, 2023.[21] The court has fully reviewed these materials, and having found that oral argument would not be materially helpful,[22] it is now prepared to rule on ICG's Motion.

## ANALYSIS

The court begins its analysis by deciding which legal standard to apply when assessing ICG's Motion—namely, whether the court should review the Motion under Rule 54(b) or Rule 59(e). After concluding it should construe ICG's Motion under Rule 54(b), the court applies that standard to ICG's Motion.

### I.     Standard of Review

ICG purportedly brings its Motion to Alter or Amend under Rule 59(e). However, a motion under Federal Rule of Civil Procedure 59(e) "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment,"[23] and Rule 54(a) defines judgment as "a

---

[17] *Id.*

[18] *Id.* at 66.

[19] Dkt. 64.

[20] Dkt. 66, *Plaintiff's Opposition to Defendant's Motion to Alter or Amend Judgment*.

[21] Dkt. 68, *Defendant IC Group, Inc.'s Reply in Support of Rule 59(e) Motion to Alter or Amend Judgment*.

[22] *See* DUCivR 7-1(g).

[23] Fed. R. Civ. P. 59(e).

3

decree and any order from which an appeal lies."[24] Here, the court's Order was not a judgment because it was not "an[] order from which an appeal lies." It did not resolve all outstanding issues because the FMLA lack-of-notice claim remained.[25] Therefore, Rule 59(e) is an inappropriate avenue for relief.

Nevertheless, the court recognizes that a motion to alter or amend is a type of motion for reconsideration. Often these motions are filed without any rule specified because they are not formally recognized by the Federal Rules of Civil Procedure.[26] District courts evaluate the motion for reconsideration to determine whether it should be construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on the timing of the motion and the current disposition of the case.[27] In light of this common practice, the court concludes it would be inappropriate to punish ICG for identifying the wrong rule. Had ICG filed its Motion without any rule specified, the court would have determined the correct rule itself.[28] The court follows that path now.

Motions for reconsideration filed before the entry of final judgment, as here, are properly construed under Rule 54(b).[29] Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all

---

[24] Fed. R. Civ. P. 54(a); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1010 (10th Cir. 2000) (determining an order was final because it "le[ft] nothing for the court to do but execute the judgment") (quoting *Albright v. UNUM Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995)).

[25] *See* Dkt. 60 at 66.

[26] *See, e.g.*, *Gale v. Unitah Cnty.*, No. 2:13-cv-725-RJS-DBP, 2021 WL 4553218, at *3 (D. Utah Oct. 5, 2021); *Wilson v. Mooch Exterior Designs, Inc.*, No. 4:19-cv-00064-DN-PK, 2021 WL 5565755, at *1 (D. Utah Nov. 29, 2021); *Jenkins v. Haaland*, No. 2:21-cv-00385-RJS-DAO, 2021 WL 5565447, at *2 (D. Utah Nov. 29, 2021); *Klein-Becker USA, LLC v. All Web LLC*, No. 2:05-cv-518-TC, 2007 WL 2084337 (D. Utah July 17, 2007).

[27] *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Fed. R. Civ. P. 59(e), 60(b), and 54(b)).

[28] King also filed a Motion for Reconsideration of the court's Order, and the court conducted the same independent evaluation to determine the correct Federal Rule of Civil Procedure. *See* Dkt. 71, *Memorandum Decision and Order Denying Plaintiff's Motion for Relief* at 3–5.

[29] *See Price*, 420 F.3d at 1167 n.9 ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) and citing Fed. R. Civ. P. 54(b)).

the claims and all the parties' rights and liabilities."[30]  The court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b),"[31] but the "basic assessment" for reconsideration under Rule 54(b) remains the same as under Rules 59(e) and 60(b).[32]  A motion for reconsideration is granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[33]  In other words, it is only appropriate in "extraordinary circumstances" [34] when "the court has misapprehended the facts, a party's position, or the controlling law."[35]

## II. Rule 54(b) Analysis

ICG urges the court to reconsider its prior ruling because the court "misapprehended its position on [the vacation pay] issue in part due to a semantical error in ICG's Motion for Summary Judgment."[36]  The court disagrees.  The court understands ICG was not focused on the detail of how many weeks were paid to King because it was focused on disputing other elements of King's argument.[37]  However, that does not mean the court misapprehended its position.  The court faithfully applied the facts as presented by the parties.  ICG had multiple opportunities to

---

[30] Fed. R. Civ. P. 54(b); *see also Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment.").

[31] *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).

[32] *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1025 (10th Cir. 2018) (internal quotations and citations omitted).

[33] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Christensen v. Triumph Aerostructures – Tulsa, LLC*, No. 4:18-cv-00511, 2020 WL 609748, at *1 (N.D. Okla. Feb. 7, 2020) ("A motion to reconsider may be considered on the following grounds: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.") (internal quotation marks and citations omitted).

[34] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[35] *Servants of Paraclete*, 204 F.3d at 1012 (explaining nearly identical Rule 59(e) motion for reconsideration standard).

[36] Dkt. 64 at 8.

[37] *Id.* at 9.

correct the record, especially once King highlighted the error by using it in her Opposition and in oral argument, but ICG did not avail itself of this opportunity.

However, the court is mindful of Rule 1 of the Federal Rules of Civil Procedure, which states the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[38] Here, the court acts to prevent manifest injustice.[39]

The lack-of-notice claim required King to demonstrate she "suffered 'actual monetary losses' as a direct result of the violation."[40] King points to her vacation pay as the only evidence of her monetary loss.[41] But the record before the court regarding her vacation pay—despite both parties' use of "one week" in their summary judgment briefs—demonstrates King did not suffer "actual monetary losses."[42] King's paystub from March 5, 2020, reflects two weeks of work at a net pay rate of $1,826.10.[43] ICG's payment from October 2020 also shows a net pay of $1,826.10.[44] And King herself identified the value of her two weeks of vacation in her wage claim before the Utah Labor Commission as $1,826.10, "the amount for 2 weeks pay."[45] King

---

[38] Fed. R. Civ. P. 1.

[39] *Brumark Corp.*, 57 F.3d at 948. The Tenth Circuit has not defined "manifest injustice," but its sister circuits have found manifest injustice where there is "a clear and certain prejudice to the moving party that is fundamentally unfair in light of governing law." *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-CV-02313-REB-GPG, 2018 WL 11376451, at *1 (D. Colo. Dec. 21, 2018) (citing *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d. 48, 78 (D.D.C. 2013)); *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, 2010 WL 2802649, at *3 (D. Colo. July 15, 2010).

[40] Dkt. 60 at 24 (quoting 29 C.F.R. § 825.300(e)).

[41] In her Opposition, King asserts "ICG's unreliable explanations . . . [are] an effort to divert the [c]ourt's attention from the totality of the monetary loss King suffered." Dkt. 66 at 4. However, King does not identify any additional monetary loss beyond vacation pay. Neither ICG's failure to provide FMLA notices nor ICG's access to King's bank account are sources of monetary loss. *Id.*

[42] 29 C.F.R. § 825.300(e).

[43] Dkt. 50-7, *Exhibit 6 to King's Opposition: March 5, 2020 Paystub*.

[44] Dkt. 46-1, *Exhibit A to ICG's Motion for Summary Judgment: Ryan Kerekes Declaration* at 134 (*Exhibit 18: Vacation Pay to King*).

[45] *Exhibit 17: October 5, 2020 Wage Claim* ("Amount Claimed: $1,826.10 . . . (the amount of 2 weeks pay)".).

does not point to any other evidence demonstrating she suffered an actual monetary loss.[46] Given this clear evidence, no reasonable jury could find for King on this issue. In light of this, it would be manifestly unjust to impose upon Defendant, a jury, and the court the time and expense of a trial that can afford King no relief. This would yield "a result that is fundamentally unfair in light of governing law,"[47] and entirely inconsistent with the direction provided by Rule 1 of the Federal Rules of Civil Procedure. The court acts now to prevent this manifest injustice and dismisses King's lack-of-notice claim with prejudice.

## CONCLUSION

Accordingly, the court GRANTS ICG's Motion to Alter or Amend Judgment.[48] King's lack-of-notice claim is dismissed with prejudice. As no claims survive, the Clerk of Court is directed to close the case.

SO ORDERED this 2nd day of August 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[46] In her Opposition, King highlights the difference between the gross pay as a source of "uncertainty." Dkt. 66 at 3. ("In [its] Motion (Docket 64), ICG inadvertently supports King[']s uncertainty surrounding the October 2020 check, as evidenced by the differences in the Gross Pay amounts."). However, she does not explain how this uncertainty results in an "actual monetary loss[]." 29 C.F.R. § 825.300(e). While King is pro se, and therefore held to less stringent standards, she is still "required to do more than provide her conclusory assertions." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *Schlecht v. Lockhead Martin Corp.*, 626 F. App'x 775, 779 (10th Cir. 2015).

[47] *Thymes v. Verizon Wireless, Inc.*, No. 16-cv-0066 KG/WPL, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (quoting *Smith v. Lynch*, No. 10-1302 (BAH), 2015 WL 4324167, at *3 (D.D.C. July 15, 2015)).

[48] Dkt. 64.