IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODY KING,<br><br>Plaintiff,<br><br>v.<br><br>IC GROUP, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>2:21-cv-00768-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

The court recently entered judgment in favor of Defendant IC Group, Inc. (ICG) after granting its Motion for Summary Judgment on Plaintiff Jody King's claims.[1] Now before the court is King's Motion for Reconsideration.[2] King realleges prior grievances and institutes new claims for Intentional Infliction of Emotional Distress and violations of the Trafficking Victims Protection Act.[3] Having reviewed the parties' briefing and relevant law, the court finds that oral argument is not necessary.[4] For the reasons explained below, King's Motion is DENIED.

---

[1] Dkt. 73, *Judgment in Favor of Defendant*; Dkt. 60, *Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment* (*Order Granting Summary Judgment*). One claim initially survived Defendant's Motion for Summary Judgment but the court dismissed that claim upon Defendant's Motion to Amend the Judgment. *See* Dkt. 72, *Memorandum Decision and Order Granting Defendant IC Group, Inc.'s Rule 59(e) Motion to Alter or Amend Judgment* (*Order Granting Defendant's Motion to Amend*).

[2] Dkt. 75, *Plaintiff's Motion for Reconsideration* (*Motion for Reconsideration*).

[3] *Id.* at 10–12.

[4] DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)).

## BACKGROUND

King filed this action against her former employer, ICG, alleging it interfered with her right to employment leave under the Family and Medical Leave Act (FMLA), failed to accommodate her disabilities as required by the Americans with Disabilities Act (ADA), harassed and discriminated against her, and retaliated against her for engaging in protected activities.[5]

On November 8, 2023, however, the court issued a Memorandum Decision and Order granting ICG summary judgment on all causes of action except for King's FMLA lack-of-notice claim.[6] King filed a Motion to Vacate,[7] which the court denied.[8] ICG filed a Motion to Amend the Summary Judgment Order to dismiss the remaining FMLA claim, which the court granted to prevent manifest injustice.[9] Accordingly, the court entered judgment in favor of ICG and closed the case.[10] King now seeks relief from final judgment.[11]

## LEGAL STANDARDS

Though King was at one point represented by counsel, she now proceeds pro se.[12] While the court "liberally construe[s] pro se pleadings, [King's] pro se status does not excuse [her] obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . .

---

[5] *See* Dkt. 3, *Amended Complaint* at 3; Dkt. 3-8, *Exhibit H to Amended Complaint: Causes of Action*.

[6] *Order Granting Summary Judgment*.

[7] Dkt. 62, *Plaintiff's Motion for Relief from Order Granting (in part) Defendants Motion for Summary Judgment* (*Motion to Vacate*).

[8] Dkt. 71, *Memorandum Decision and Order Denying Plaintiff's Motion for Relief*.

[9] *Order Granting Defendant's Motion to Amend* at 6.

[10] *Judgment in Favor of Defendant*.

[11] *Motion for Reconsideration*.

[12] *See* Dkt. 26, *Notice of Withdrawal as Counsel*.

Procedure."[13]  King characterizes her Motion as a Motion for Reconsideration under Fed. R. Civ. P. 54(b)[14] but because the Motion was filed more than 10 days after the entry of final judgment, the court construes it as a motion for relief from judgment under Fed. R. Civ. P. 60(b).[15]

The court may relieve a party from a final judgment under Rule 60(b) for any one of six enumerated reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[16]  Nevertheless, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[17]

## ANALYSIS

King does not provide any grounds to justify relief from judgment under Rule 60(b). First, King does not allege any mistake or excusable neglect under Rule 60(b)(1); instead, King rehashes the same arguments against ICG she made throughout this litigation and in her rule

---

[13] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[14] *Motion for Reconsideration* at 2, 14.

[15] *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).") (internal citations omitted).

[16] Fed. R. Civ. P. 60(b).

[17] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

54(b) Motion to Vacate.[18] King purports to add new claims for Intentional Infliction of Emotional Distress and violations of the Trafficking Victims Protection Act against ICG, arguing that by "altering [her] employment terms without consent, misclassifying my employment status, and applying FMLA leave as a punitive measure," ICG "maintain[ed] control over [her] employment under force."[19] King also seeks compensatory damages for her already-adjudicated FMLA claim, emotional damages for ICG's "fabrication of documents, coercive tactics, humiliation, fraud, unauthorized withdrawals from my bank account, and threats of financial and legal consequences," punitive damages for ICG's "intentional misconduct," "liquidated damages equal to [her] lost wages," attorneys' fees "despite [her] pro se status," and injunctive relief to "prevent IC Group from continuing their unlawful employment practices."[20] But nowhere in King's motion does she argue she or her attorneys made an excusable litigation mistake. Nor does she argue the court made a substantive error of law.[21] Accordingly, there is no Rule 60(b)(1) basis to grant relief from final judgment.

Second, King does not provide the court any "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," which would justify reconsideration under Rule 60(b)(2). By King's own admission, her

---

[18] *Motion to Vacate* at 1 (arguing ICG "fabricated a key document in the Declaration of Ryan Kerekes Exhibit A."); *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.").

[19] *Motion for Reconsideration* at 11.

[20] *Id.* at 12–14.

[21] See *Cashner*, 98 F.3d at 576 ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.").

non-electronic submission of audio-recordings of conversations with opposing counsel "was available to [her] previously."[22]  In any case, King's assertion that the audio-recording demonstrates opposing counsel's threats to pursue attorneys' fees would not justify an alteration of judgment under Rule 59 because King does not show the evidence is "material" or that it would "produce a different result."[23]  Thus, there is no Rule 60(b)(2) basis to grant relief from final judgment.

Third, King does not provide the court with any credible evidence of opposing counsel's fraud justifying reconsideration under Rule 60(b)(3).  King realleges the start date on her 2020 Compensation Agreement was "falsified,"[24] but the court considered this contention at the October 3, 2023 hearing on ICG's Motion for Summary Judgment.[25]  King also raised this contention in her Motion to Vacate,[26] and the court found no credible evidence of fraud or falsification.  In any event, "[t]he term of employment of the 2020 Compensation Plan was not material to the court's ultimate decision."[27]  Here, King does not put forth any new evidence or argument bearing upon whether the Compensation Agreement was falsified or why a different effective date would change the outcome.  Accordingly, there is no Rule 60(b)(3) basis to grant relief from final judgment.

Fourth, King does not properly assert the judgment is void or based on a now vacated or reversed judgment justifying reconsideration under Rule 60(b)(4) or (5).  Rather, King asks the

---

[22] *Motion for Reconsideration* at 11.

[23] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citation omitted).

[24] *Motion for Reconsideration* at 3, 10.

[25] Dkt. 59, *Minute Entry*.

[26] *Motion to Vacate* at 2, 11.

[27] *Memorandum Decision and Order Denying Plaintiff's Motion for Relief* at 7.

court to reconsider whether her employer discriminated against her.[28] In support, King invokes the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, overturning *Chevron, U.S.A., Incorporated v. Natural Resources Defense Council, Incorporated*.[29] In *Loper Bright*, the Supreme Court held courts need not defer to an agency's interpretation of an ambiguous statute under the Administrative Procedures Act.[30] *Loper Bright* has no bearing on King's case because this court did not rely on any agency's interpretation of a statute in dismissing King's claims. As a result, there is no Rule 60(b)(4) or (5) basis to grant relief from final judgment.

Finally, the court finds no other extraordinary circumstances merit granting King relief from judgment. Even if *Loper Bright* was on point, "[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies relief."[31]

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration[32] is DENIED.

SO ORDERED this 1st day of November, 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[28] *Motion for Reconsideration* at 8.

[29] 144 S. Ct. 2244 (2024).

[30] *Loper Bright Enterprises*, 144 S. Ct. at 2273.

[31] *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958) ("It is quite clear that in extraordinary situations, relief from final judgments may be had under Rule 60(b)(6), when such action is appropriate to accomplish justice. A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies relief.") (citations omitted).

[32] Dkt. 75.