IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODY KING,<br><br>Plaintiff,<br><br>v.<br><br>IC GROUP, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>2:21-cv-00768-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is Plaintiff Jody King's Motion for Reonsideration.[1] This is King's third attempt seeking reconsideration of the court's Summary Judgment Order.[2] Also pending is King's Motion for Sanctions.[3] As with her prior attempts, King realleges prior grievances and fails to identify any grounds justifying relief under Federal Rule of Civil Procedure 60 or sanctions under Federal Rule of Civil Procedure 11, 26(g), or 37(b). For the reasons explained below, King's Motions are DENIED.

## BACKGROUND

King filed this action against her former employer, IC Group (ICG), alleging it interfered with her right to employment leave under the Family and Medical Leave Act (FMLA), failed to accommodate her disabilities as required by the Americans with Disabilities Act (ADA),

---

[1] Dkt. 87, *Plaintiff's Motion for Relief from Judgment Under Rule 60(b)* (*Motion for Reconsideration*).

[2] Dkt. 62, *Plaintiff's Motion for Relief from Order Granting (in part) Defendants Motion for Summary Judgment* (*Motion to Vacate*); Dkt. 75, *Plaintiff's Motion for Reconsideration*.

[3] Dkt. 89, *Plaintiff's Motion for Sanctions*.

harassed and discriminated against her, and retaliated against her for engaging in protected activities.[4]

On November 8, 2023, the court issued a Memorandum Decision and Order granting ICG summary judgment on all causes of action except for King's FMLA lack-of-notice claim.[5] King filed a Motion to Vacate,[6] which the court denied.[7] ICG filed a Motion to Amend the Summary Judgment Order to dismiss the remaining FMLA claim,[8] which the court granted to prevent manifest injustice.[9] Accordingly, the court entered judgment in favor of ICG and closed the case.[10] King then sought relief from final judgment on September 2, 2024,[11] which the court denied.[12] In the present Motion, King again seeks reconsideration.[13]

## LEGAL STANDARDS

Though King was at one point represented by counsel, she now proceeds pro se.[14] While the court "liberally construe[s] pro se pleadings, [King's] pro se status does not excuse [her]

---

[4] *See* Dkt. 3, *Amended Complaint* at 3; Dkt. 3-8, *Exhibit H to Amended Complaint: Causes of Action*.

[5] Dkt. 60, *Memorandum Decision and Order Granting in part and Denying in part Defendant's Motion for Summary Judgment*.

[6] *Motion to Vacate*.

[7] Dkt. 71, *Memorandum Decision and Order Denying Plaintiff's Motion for Relief*.

[8] Dkt. 64, *Defendant IC Group, Inc.'s Rule 59(e) Motion to Alter or Amend Judgment*.

[9] Dkt. 72, *Memorandum Decision and Order Granting Defendant IC Group Inc.'s Rule 59(e) Motion to Alter or Amend Judgment*.

[10] Dkt 73, *Judgment in a Civil Case*.

[11] Dkt. 75, *Plaintiff's Motion for Reconsideration*.

[12] Dkt. 83, *Memorandum Decision and Order Denying Plaintiff's Motion for Reconsideration*.

[13] *Motion for Reconsideration*.

[14] *See* Dkt. 26, *Notice of Withdrawal as Counsel*.

<000000>

obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[15]  King brings her Motion under Fed. R. Civ. P. 60(b).[16]

The court may relieve a party from a final judgment under Rule 60(b) for any one of six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[17]  Nevertheless, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[18]

## ANALYSIS

King fails to identify any basis justifying relief under Federal Rule of Civil Procedure 60. She specifically invokes Rule 60(b)(1), (2), (3), and (6) as grounds for reconsideration, but her Motion fails to identify excusable neglect, new evidence that could not have been obtained earlier, fraud, or any other extraordinary reason necessitating relief.

To begin, King fails to identify any facts justifying reconsideration under Rule 60(b)(1) or (2).  King attaches to her Motion a sworn declaration detailing her severe mental health issues,

---

[15] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[16] *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).") (internal citations omitted).

[17] Fed. R. Civ. P. 60(b).

[18] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

which she contends hindered her ability effectively to prosecute this case.[19] Due to these mental health conditions, she declares she "failed to submit numerous exhibits that were in [her] possession, including texts, emails, and notes rebutting IC Group's claims."[20] King also repeatedly refers to what she describes as a "Strange March 2020 Petition," which she discovered on her "Outlook/iCloud archive" following this court's entry of judgment against her.[21] King asks the court "to treat this document as a circumstantial indicator of suppressed truth."[22]

      The court is mindful of the mental toll litigation can have on interested parties and deeply empathetic to King's recent difficulties. But despite these struggles, King managed to timely file briefs in support of her various motions. The court cannot find King's personal struggles, including her involuntary hospitalization in April 2025—which occurred nearly two years after Defendant here filed its Motion for Summary Judgment and seven months after King's most recent prior Motion for Reconsideration—excuse her failure to present evidence to the court while the summary judgment briefing was ongoing. Nor can the "Strange March 2020 Petition" constitute newly discovered evidence "that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" because King admits this evidence was within her possession on her iCloud servers.[23] Moreover, it appears King strategically declined to include some of this evidence because she "feared they would be misinterpreted or

---

[19] Dkt. 86-1, *Sworn Declaration of Jody L. King*.

[20] *Id*. ¶ 8.

[21] *Motion for Reconsideration* at 12.

[22] *Id*. at 8 n.1.

[23] *Sworn Declaration of Jody L. King* ¶ 10.

4

used to further discredit [her]."[24]  Neither Rule 60(b)(1) nor (2) offers refuge to King under these circumstances.

The same is true for Rule 60(3).  Beyond King's assertions to the contrary, there is no record evidence that ICG has engaged in any fraud or litigation misconduct.  In any case, King has argued ICG committed fraud and acted in bad faith in several of her prior Motions.[25]  She failed to provide tangible evidence of such misconduct then, and she again fails to do so now.  Accordingly, King has not demonstrated any grounds for reconsideration under Rule 60(b)(3).

Finally, King also fails to identify any other extraordinary circumstance under Rule 60(b)(6) justifying relief.  King appears to attempt to cite "new" case law as grounds for extraordinary relief under Rule 60(b)(6), but the cases she cites are neither new nor factually relevant to her case.[26]  One such case she relies on was adjudicated in 1949, and it in no way supports the proposition that mental health difficulties justify Rule 60 relief.[27]

Relatedly, the court has serious concerns about the authorities King consulted in filing her Motion for Reconsideration.  For example, King relies on a case called *Osseo Area Schs. v. Fagen Friedman*, purportedly decided by the District of Minnesota on April 5, 2024, but King fails to cite any federal reporter for this case.[28]  King did provide a case number, but in the

---

[24] *Id*. ¶ 8.

[25] *See* Dkt. 75, *Plaintiff's Motion for Reconsideration* at 13 ("The defendants' conduct, including the fabrication of documents, coercive tactics, humiliation, fraud, unauthorized withdrawals from my bank account, and threats of financial and legal consequences, inflicted severe emotional distress. My known mental health disabilities were exploited by the defendants, exacerbating my conditions and have caused long-term psychological harm."); *see also Memorandum Decision and Order Denying Plaintiff's Motion for Reconsideration* at 5 ("King realleges the start date on her 2020 Compensation Agreement was falsified, but the court considered this contention at the October 3, 2023 hearing on ICG's Motion for Summary Judgment.  King also raised this contention in her Motion to Vacate, and the court found no credible evidence of fraud or falsification.") (internal quotations and citations omitted).

[26] *Motion for Reconsideration* at 6.

[27] *See Klapprott v. United States*, 335 U.S. 601 (1949).

[28] *Motion for reconsideration* at 9 ("This is precisely the type of extraordinary circumstance contemplated in . . . *Osseo Area Schools v. Fagen Friedman*, No. 0:22-cv-1023 (D. Minn. Apr. 5, 2024), where trauma, mental health barriers, and procedural imbalance prevented a fair adjudication on the merits.").

5

District of Minnesota the case number corresponds to an ERISA case captioned *R.S. v. HealthPartners, Inc.*[29] Additionally, in King's Motion for Sanctions, she relies on *Adamson v. Bowen* for the proposition—purportedly on page 673 of the opinion—that "when an attorney advocates a position contradicted by documents in their possession, it falls within the scope of sanctionable conduct."[30] But page 673 of the opinion references only general "objective reasonableness" standards by which attorneys are judged when they file pleadings.[31] The court warns King that under Rule 11, pro se litigants are held to the same standard as professional attorneys.[32] Providing false or misleading legal authorities to the court may be grounds for sanctions.

In any case, as has already been discussed, King's affidavit and Motions rehash many of the same arguments previously dismissed by this court. The Tenth Circuit has cautioned:

> [A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed . . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[33]

---

[29] *See* ECF 1, (0:22-cv-01023-JRT-JFD, filed in the District of Minnesota), *ERISA Complaint*.

[30] *Motion for Sanctions* at 3.

[31] *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).

[32] *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]"); *see also Riches v. Province*, No. 10-cv-02086-BNB, 2010 WL 4220552, at * 5 (D. Colo. Oct. 20, 2010) ("In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable . . . A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court.") (internal citations omitted).

[33] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Christensen v. Triumph Aerostructures – Tulsa, LLC*, No. 4:18-CV-00511-TCK-JFJ, 2020 WL 609748, at *1 (N.D. Okla. Feb. 7, 2020) ("A motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." (citation modified)).

Accordingly, King's attempt to relitigate arguments she has already raised cannot give rise to the relief she seeks. Because King has not demonstrated any grounds for reconsideration under Rule 60, the court must deny her Motion for Reconsideration.

For many of the same reasons, King's Motion for Sanctions also fails. She points to no credible evidence indicating ICG violated Rule 11, 26(g), or 37(b). Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, King's Motions are denied.[34] In its Responses to King's Motions, ICG requests attorneys' fees.[35] These requests are denied without prejudice because the court's Local Rules prohibit a Motion within a Response.[36]

SO ORDERED this 18th day of August 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[34] Dkts. 87, 89.

[35] *See* Dkt. 90, *Opposition to Plaintiff's Motion for Relief from Final Judgment under Rule 60(b) [ECG No. 87]*; Dkt. 91, *Opposition to Plaintiff's Motion for Sanctions*.

[36] DUCivR 7-1(a)(3).